GREENE J.
delivered the opinion of the court.
We are of opinion that the judgment is void. At the time of trial, the jurisdiction of the offence of assault and battery was by statute given exclusively to the county court, unless it were perpetrated with some felonious intent. The act of 1832, c. 2, which provides, “that when a person sfiall be indicted for an assault with intent to kill, or commit other felony, it shall be lawful in case the jury cannot find such person guilty of such felony, to find him guilty of an assault, or an assault and battery, upon which, judgment may be pronounced,” does not apply tohliis case. This bill of indictment is not for an assault with intent to kill, or commit other felony, but for maliciously shooting. The case of The State vs. Valentine, 6 Yerg. 533, is .directly in point. We do not consider it necessary to determine whether the court below had the power to vacate and set aside the judgment. It did not do so. And we incline to think, that if the power exists, a refusal to exercise it would not be error upon which this court could act; but we are of opinion, that inasmuch as the judgment is .void, no execution could be legally issued upon it, and that the court below, instead of discharging the superse-deas, should have quashed the execution. We therefore reverse the judgment, and direct the execution to be quashed.
Judgment reversed.